ROGER M. MANSUKHANI (SBN 164463)
rmansukhani@gordonrees.com
KIMBERLY D. HOWATT (SBN: 196921)
khowatt@gordonrees.com
JOAN B. FLAHERTY (SBN: 272690)
jflaherty@gordonrees.com
GORDON & REES LLP
101 West Broadway, Suite 2000
San Diego, CA 92101
Ph: (619) 696-6700
Fax: (619) 696-7124

ATTORNEYS FOR DEFENDANTS ARIZONA CANNING COMPANY, LLC, a Delaware limited liability company; and STATER BROS. MARKETS, A CALIFORNIA CORPORATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BECKMAN and LINDA GANDARA, individuals, on behalf of themselves, and all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARIZONA CANNING COMPANY, LLC, a Delaware limited liability company; STATER BROS. MARKETS, a California corporation; and DOES 1 to 10 inclusive,<br><br>Defendants. | CASE NO. '16CV2792 JAH BLM<br><br>*Removed from the Superior Court of California, San Diego County, Case No. 37-2016-00035593-CU-BT-CTL*<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, 1453 (DIVERSITY JURISDICTION – CAFA)**<br><br>Complaint filed: October 11, 2016 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant ARIZONA CANNING COMPANY, LLC, a Delaware limited liability company, and STATER BROS. MARKETS, a California corporation (collectively "Defendants") hereby remove this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the basis of diversity jurisdiction under the Class Action Fairness Action of 2005 ("CAFA").

-1-
**DEFENDANTS' NOTICE OF REMOVAL OF ACTION**

# INTRODUCTION

1. Plaintiffs William Backman and Linda Gandara ("Plaintiffs") commenced this action on October 11, 2016 by filing a Complaint asserting three causes of action for, 1) Unfair Competition (Cal. Bus. & Prof. Code § 17200); 2) Deceptive and Misleading Advertising (Cal. Bus & Prof. Code § 17500); and 3) Violation of the Consumer Legal Remedies Act (Civ. Code § 1750). The Complaint was filed under the caption of *Beckman, et al. v. Arizona Canning Company, LLC, et al.*, in the Superior Court of the State of California, County of San Diego, Case No. 37-2016-00035593-CU-BT-CTL.

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date in the action are attached hereto, collectively, as Exhibit A ("Exh. A").

3. The Complaint was served on defendant ARIZONA CANNING COMPANY, LLC on or after October 13, 2016. The Complaint was served on defendant STATER BROS. MARKETS on or after October 14, 2016. This Notice of Removal is thus timely pursuant to 28 U.S.C. § 1446(b).

4. This Notice of Removal is also timely under 28 U.S.C. § 1446(b), as it is being filed within one (1) year of the commencement of this action.

# BASIS FOR REMOVAL JURISDICTION

5. This Court has subject matter jurisdiction over Plaintiffs' claims under CAFA. Original jurisdiction in this Court exists under CAFA if the litigation is a "class action" as defined by CAFA, "the matter in controversy exceeds the sum or value of $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2).

6. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B). Plaintiffs specifically allege their

1 Complaint to be asserted as a class action, citing Code Civ. Proc. § 382.  (Exh. A,
2 p. 1 (caption), ¶¶ 1, 4.)  Actions seeking class treatment under such provision are
3 "class actions" for purposes of CAFA.  *See*, *e.g.*, *Diaz v. A&R Logistics, Inc.*, 2015
4 U.S. Dist. LEXIS 73540, *3 (S.D. Cal. 2015) ("there is no dispute the present
5 action is a 'class action' within CAFA, as the action contains class allegations
6 under California Code of Civil Procedure § 382.").

7.  Plaintiffs are residents of the State of California, County of San Diego.  (Exh. A, Complaint ¶¶ 9-10.)  Defendant ARIZONA CANNING COMPANY, LLC is a Delaware limited liability company, and defendant STATER BROS. MARKETS is a California corporation.  (Exh. A, Complaint ¶¶ 11-12.)  Thus, at least one plaintiff is diverse from at least one defendant in accord with 28 U.S.C. § 1332(d).

8.  The local controversy exception to CAFA does not apply here because STATER BROTHERS MARKETS is not one whose alleged conduct forms a significant basis for the claims asserted by the proposed class.  Indeed, STATER BROTHERS MARKETS is not alleged to have had any involvement in the canning, production, or labeling of the Sun Vista whole bean products, but instead, is alleged to merely operate a retail grocery store at which such products are sold, an advertisement for which once included a picture of the Sun Vista whole bean products, among other items.  (Exh. A, Complaint ¶¶ 12, 20.)

9.  Plaintiffs allege that they represent and bring action on behalf of a class consisting of, in general, "all consumers who purchased Sun Vista whole bean products … from a retailer … within the state of California … within four (4) years prior to the filing of [the] Complaint and through the present date."  (Exh. A, Complaint ¶ 7.)  Plaintiffs claim damages in the form of, *inter alia*, restitution and the disgorgement of Defendants' profits on the Sun Vista whole bean products for the subject time period, as well as attorneys' fees, which pleadings implicate the jurisdictional minimum under CAFA.  (Exh. A, Complaint ¶¶ 84, 98.)

**Gordon & Rees LLP**
**101 W. Broadway**
**Suite 2000**
**San Diego, CA 92101**

10. In order for original jurisdiction to exist under CAFA, "the matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2). In their notice of removal, Defendants "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Only if "plaintiff contests, or the court questions, the defendant's allegations" must Defendants proffer evidence to show that the jurisdictional minimum is satisfied. *Id.* Here, Defendants offer herewith the Declaration of Michael W. Weber of ARIZONA CANNING COMPANY, LLC in support of this Notice of Removal relative to this issue.

11. Defendant ARIZONA CANNING COMPANY, LLC estimates that its profits on Sun Vista whole bean products within the State of California for the period from October 2014 through October 2016 – a subset of the time period at issue in Plaintiffs' Complaint – range from $6.3 million to $9.3 million, based on 2015 and 2016 (YTD) net income as a percentage of gross sales. (*See*, Declaration of Michael Weber, submitted herewith, ¶2.)

12. For these reasons, the $5 million jurisdictional amount in controversy requirement is satisfied. 28 U.S.C. § 1332(d).

**REMOVAL TO THIS JURISDICTION IS PROPER**

13. Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, removal of this action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California is appropriate.

14. The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) inasmuch as the Superior Court of the State of California, County of San Diego, where this action was originally filed, is located within this federal judicial district. Also, Plaintiffs are residents of the County of San Diego in the State of California.

///

15. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 as to ARIZONA CANNING COMPANY, LLC, and removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441(a).

16. Defendants respectfully request that this Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all the parties necessary for the trial thereof.

17. Counsel for Defendants hereby certifies that it will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of California, County of San Diego, as required by 28 U.S.C. § 1446, and give notice of same to Plaintiff.

**WHEREFORE**, Defendants hereby remove this Action from the Superior Court of the State of California, County of San Diego, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated: November 14, 2016         GORDON & REES LLP

By: /s/ Kimberly D. Howatt
Roger M. Mansukhani
Kimberly D. Howatt
Joan B. Flaherty
Attorneys for Defendants
ARIZONA CANNING
COMPANY, LLC, a Delaware
limited liability company; and
STATER BROS. MARKETS, a
California corporation