UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BECKMAN, AND LINDA GANDARA, individuals, on behalf of themselves, and all person similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA CANNING COMPANY, LLC, et. al.,<br><br>Defendant. | Case No.: 16cv02792 JAH-BLM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. No. 3]** |

**INTRODUCTION**

Plaintiffs William Beckman and Linda Gandara, originally filed a complaint in Superior Court of California, County of San Diego on October 11, 2016. They allege Defendants misled consumers into believing cans of Sun Vista beans are primarily filled with beans through advertisement, labels and fill. Complaint ¶ 16. Plaintiff seek damages, restitution and injunctive relief for violation of California's unfair competition law ("UCL"), California Business and Professions Code section 17200 *et. seq.*, deceptive and misleading advertising ("FAL"), California Business and Professions Code section 17500 *et. seq.*, and violation of California's Consumer Legal Remedies Act ("CLRA"), California

Code section 1750 *et. seq.* See Complaint (Doc. No. 1-2) on behalf of themselves and others similarly situated. Plaintiffs named Arizona Canning Company, LLC ("ACC") and State Bros. Markets, as defendants.

Defendants removed the action to federal court on November 14, 2016. Both Defendants filed motions to dismiss and a joint request for judicial notice.[1] See Doc. Nos. 2, 3, 4. The Court dismissed Defendant Stater Bros. Markets from the action pursuant to the parties' joint motion to dismiss. Plaintiff filed an opposition to Defendant ACC's motion to dismiss and Defendant filed a reply.

Finding the matter suitable for disposition without oral argument, the Court vacated the hearing and took the matter under submission. After a thorough review of the parties' submissions, and for the reasons discussed below, the Court GRANTS Defendant's motion to dismiss.

## DISCUSSION

Defendant seeks dismissal of the action for failure to state a claim and failure to plead fraud-based claims with sufficient particularity.

### I. Legal Standards

### A. Failure to State a Claim

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory.

---

[1] Defendant seeks judicial notice of a Bloomberg article dated August 23, 2013. Because the article is not pertinent to this Court's decision on the motion and was not considered by the Court in ruling on the motion, the request for judicial notice is DENIED as moot.

Robertson, 749 F.2d at 534.  While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations.  Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.  See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

//

## B. Failure to Plead with Particularity

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under Ninth Circuit case law, Rule 9(b) imposes two distinct requirements on complaints alleging fraud. First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to "state precisely the time, place, and nature of the misleading statements, misrepresentations, or specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994); Vess v. Ciba-Geigy Corp., U.S.A., 317 F.3d 1097, 1106 (9th Cir. 2003) (A plaintiff must set forth "the who, what, when, where and how" of the alleged misconduct."). Second, the Rule requires that the complaint "set forth an explanation as to why the statement or omission complained of was false and misleading." Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir. 1999).

## II. Analysis

Defendant argues Plaintiffs lack standing to purse their claims, the complaint lacks particularity, Plaintiffs fail to plead reliance and Plaintiffs fail to state a claim.

## A. Standing

## 1. Injury

Defendant argues Plaintiffs fail to allege loss of money or property as a result of Defendant's alleged conduct, and therefore, lack standing to support their UCL and FAL claims. Instead, Defendant contends, Plaintiffs allege consumers sustained injury by purchasing Sun Vista beans because they would not have purchased Sun Vista if they knew the truth about the product. Defendants argue this allegation is conclusory and does not suffice.

In opposition, Plaintiffs argue they suffered a monetary loss each time they purchased a can of Sun Vista beans because they would not have otherwise purchased the beans had they known of Defendant's misrepresentations. Plaintiffs contend they suffered a loss of money as a result of being exposed to Defendant's unfair and deceptive practices.

Thus, they argue, Plaintiffs have standing to bring their claims under the UCL, FAL, and the CLRA.

In reply, Defendant argues Plaintiffs purchased and received bean products and, therefore, did not sustain loss of money or property. Defendant maintains Plaintiffs fail to assert they did not consume the bean products purchased.

Standing under the UCL and FAL requires a plaintiff suffered an economic injury caused by the defendant's unfair business practice or false advertising. See Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 322 (2011). Plaintiffs assert the labeling on the Sun Vista beans depicts a "bowl full of plump and hearty beans with glimmer of shine, and little to no water," but when opened and poured into a bowl, the beans are fully submerged in water. Complaint ¶¶ 23, 25. They further assert the product label is misleading because a 29 ounce can of beans lists a serving size as ½ cup and "about 6" serving sizes per container making a reasonable consumer conclude the can is mostly beans, but when opened, the can contains only 13 ounces of beans and about 2 cups of water. Id. ¶¶ 30 – 32. They allege they sustained injury by purchasing Sun Vista beans they would not have purchased had they known the truth about the product. Id. ¶ 62. This is sufficient for standing to sue. See Kwikset Corp., 51 Cal.App.4th at 330 (Finding that a consumer who relies on a product label and challenges a misrepresentation contained therein can satisfy the standing requirement and sufficiently allege economic injury.).

**2. Reliance**

Defendant contends the FAL and the CLRA require Plaintiffs to state sufficient facts to allege they relied on an alleged misrepresentation and suffered economic injury as a result. Defendant further contends Plaintiffs must demonstrate they actually relied upon the alleged misrepresentation under the UCL. Defendant maintains the complaint lacks any allegation that Plaintiffs relied upon either the image of the label or the size of the can in making their purchase decision.

Defendant also argues Plaintiffs cannot show that it is plausible that a reasonable consumer would rely upon the alleged misrepresentations. Defendant maintains, as

5

alleged, the photograph on the label is identical for each bean variety regardless of the size of the can and, regardless of size, contains more than one serving. As such, Defendant argues, it is implausible for Plaintiffs to claim that the can does not contain the amount of beans depicted on the photo. Defendant also contends Plaintiffs appear to admit that the other information on the product can is non-objectionable and accurately dispels the challenged aspects of the label because they concede that liquid is contained in the canned beans and water is the first ingredient on the list. Defendant argues it is not plausible for the general public to view ACC's product label in the way Plaintiffs purport to do.

Plaintiffs argue, in opposition, they allege they were deceived and misled by the advertisement/image on the label depicting a bowl full of beans, the net weight and serving size information on the label, and the size and fill of the opaque container. They contend Defendant's false and misleading conduct is an immediate cause of their injury because they would not have purchased Sun Vista beans but for Defendant's misrepresentations.

Plaintiffs' UCL, FAL, and CLRA all require a showing of reliance of varying specificity. See Kwikset Corp., 51 Cal.App,4th at 326-27; In re Tobacco II Cases, 46 Cal.4th 298, 328 (2009); Cohen v. DirecTV, Inc., 178 Cal.App.4th 966 (2009).

In the complaint, Plaintiffs allege the products are sold in opaque canned containers and, therefore, consumers depend upon the product advertisement, label and fill of the container to conduct product comparisons. Complaint ¶ 22. They further argue the label on the cans of beans and the information of weight and serving size on the label are blatant misrepresentations because of the large amount of water and small amount of beans contained therein. Id. ¶¶ 26, 27. Plaintiffs also allege they reasonably believed the can contained the amount of beans indicated on the labels. Id. ¶ 29. Additionally, they allege they "rationally believed the can of Sun Vista Beans was appropriately filled with beans" and relied on the feel and weight of the container. Id. ¶¶ 42, 43.

Plaintiffs sufficiently allege reliance.

//

//

### 3. Products not Purchased

Defendant argues Plaintiffs improperly attempt to sweep a vast array of other Sun Vista products they did not purchase into this case but the allegations are devoid of any factual information. Additionally, Defendant argues Plaintiffs do not allege sufficient facts about each product and purchase to give sufficient notice to Defendant.

In opposition, Plaintiffs argue, although there is no controlling authority on whether Plaintiffs have standing for products they did not purchase, a majority of federal courts have held that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are sufficiently similar. They cite to Anderson v. Jamba Juice Co., 888 F.Supp.2d 1000 (N.D.Cal. 2012) and Cortina v. Goya Foods, Inc., 94 F.Supp.3d 1174 (S.D.Cal. 2015), in support. Here, they contend, the same kinds of beans in different size cans and different kinds of beans made and packaged by the same Defendant are sufficiently similar because each product is a specific type of whole bean and every can, regardless of type of bean and container size, lists water as the first ingredient on the back of the can in very small print. Additionally, they maintain, the image on the label is essentially the same for each type of bean regardless of can size and every label provides the net weight and serving size, which is false and deceptive information. Plaintiffs further maintain the containers are also filled to be misleading regardless of the type of bean and the size of the container due to the opaque container.

In reply, Defendant contends Plaintiffs' argument that the various products are sufficiently similar is conclusive and devoid of fact. Defendant further contends the cases cited by Plaintiffs are inapposite because the products in those cases contained the same challenged label statement and the same ingredient being challenged by the plaintiffs. Defendant maintains Plaintiff cannot make claims about the bean content level of any other product or that they are sufficiently similar, because they never purchased the other products and lack that knowledge. Additionally, Defendant maintains the net weight and

serving size will differ from one variety to another and the image will vary depending on what type of beans it depicts.

In <u>Jamba Juice</u>, the plaintiffs filed a putative action asserting Jamba Juice misrepresented its smoothie kits as all natural. The defendants sought dismissal arguing the plaintiff lacked standing for claims based upon smoothie kit flavors they did not purchase. Noting the divergent rulings by district courts in this circuit, the court reasoned that the critical inquiry was whether the products purchased and products not purchased were sufficiently similar. 888 F.Supp.2d at 1005. The court found the smoothie kits were sufficiently similar because, no matter the flavor, they had the same alleged misrepresentation and they contained the same allegedly non-natural ingredients. <u>Id</u>. <u>Cortina</u> involved a drink manufacturer's failure to warn consumers of a potential carcinogen allegedly contained in certain beverages. The court, similarly, discussed that courts have ruled both ways on whether a plaintiff has standing to pursue claims on behalf of class members for products he or she did not purchase and determined the majority of courts look to whether the products and alleged misrepresentations are sufficiently similar. 94 F.Supp.3d at 1197-98.

Here, the products are different varieties of beans, which differ in size. The alleged misrepresentations go to the weight and fill of the cans of beans which would vary depending on the type of bean. The Court finds the products and alleged misrepresentations are not sufficiently similar to permit standing for bean varieties not purchased by Plaintiffs. As such, Plaintiffs do not have standing for products they did not purchase.

**B. Rule 9(b) Particularity**

Defendant argues Plaintiffs fall short of meeting Rule 9(b)'s heightened pleading standard. Defendant maintains Plaintiffs only allege they purchased one or more cans of Sun Vista Beans, but fail to allege which products they purchased, when they allegedly purchased the products, where they purchased the products, and the details as to how they purchased the products.

8

Plaintiffs argue the facts are adequately detailed to allow Defendant to understand the nature of the allegations and defend against them, and they identify Defendant's misrepresentations, where and when they were made, and an explanation with images of why they are false. They maintain the complaint identifies ACC as the entity that produces and sells Sun Vista brand whole beans products in California, which misrepresent its beans as containing mostly beans when in fact the cans contain a significant amount of water and an inadequate number of beans, and the complaint identifies and describes Defendant's Sun Vista whole bean product line, which includes pinto, black, kidney, and white beans that list water as the first ingredient, which are sold in 15 ounce, 29 ounce, 40 ounce, and 108 ounce size cans, as well as in an 8 pack of 15 ounce cans. They further maintain they allege that they purchased one or more cans of Sun Vista beans during the class period which is defined as four years prior to the filing of the complaint through the present date, from retail stores in San Diego, California, and they detail how the products are misleading.

Upon review of the complaint, the Court finds Plaintiffs describe the alleged misrepresentation and includes a list of canned bean products which they assert contain the alleged misrepresentations. However, it is unclear which bean products Plaintiffs purchased. Plaintiffs merely allege they purchased one or more cans of Sun Vista beans from retail stores in California. Complaint ¶¶ 9, 10, 21. As discussed above, Plaintiffs lack standing to bring claims for bean products they did not purchase. Thus, as currently pled, Plaintiffs fail to sufficiently provide the "who, what, where and how" of the alleged misconduct. The complaint is subject to dismissal in its entirety for failure to meet the heightened pleading standard of Rule 9(b).

**C. Remaining Grounds**

Because the Court finds the complaint should be dismissed for failure to meet the heightened pleading standard of Rule 9(b), the Court will not address Defendant's remaining grounds for relief.

//

//

### III. Leave to Amend

Plaintiffs seek leave to amend the complaint if the Court finds any deficiencies. The Court finds it appropriate to provide Plaintiffs an opportunity to amend the complaint to cure the deficiencies noted.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant's motion to dismiss is **GRANTED**.
2. If Plaintiff wishes to amend the complaint to address the deficiencies noted above, he may file a First Amended Complaint **on or before October 20, 2017.**

DATED: September 20, 2017

_____
JOHN A. HOUSTON
United States District Judge