# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BECKMAN and LINDA GANDARA, individuals, on behalf of themselves, and all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ARIZONA CANNING COMPANY, LLC, a Delaware limited liability company; and DOES 1 to 10 inclusive,<br><br>Defendants. | CASE NO. 3:16-cv-02792-JAH-BLM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. NO 23] AND ADOPTING THE TENTATIVE RULING** |

On January 16, 2018, prior to the scheduled hearing, the Court issued a tentative ruling on Defendant ARIZONA CANNING COMPANY, LLC's ("Defendant") Motion to Dismiss finding that Plaintiffs' First Amended Complaint ("FAC") failed to meet the heightened particularity requirements of Rule 9(b) for fraud-based claims. Having considered the argument of counsel and for the reasons set forth in the Court's Tentative Ruling[1], incorporated by reference herein,

---

[1] The Court made minor clarifying edits and some modifications to the verbiage at the end of paragraph two (2) within Section B.1.a. In all other respects, the Tentative Ruling attached and incorporated by reference was provided to the parties at the hearing.

**IT IS HEREBY ORDERED**:

Defendant's motion to dismiss Plaintiffs' FAC for failure to state a claim [Doc. No. 23] is **GRANTED**. The dismissal is without prejudice.

The Court **GRANTS** Plaintiffs **thirty (30) days leave** to file an Amended Complaint which cures all the deficiencies of pleading described in this Order.

**IT IS SO ORDERED.**

DATED: January 19, 2018

_____
JOHN A. HOUSTON
United States District Judge

# LAW AND MOTION TENTATIVE RULING

**CASE:** *Beckman v. Arizona Canning Company, LLC,.* 16cv2792 JAH (BLM)

**HEARING:** Motion to Dismiss

**HEARING DATE:** Tuesday, January 16, 2018, at 2:30pm

**ALLEGATIONS IN FIRST AMENDED COMPLAINT:**

Plaintiffs, Beckman and Gandara, allege Defendants mislead consumers into believing cans of Sun Vista pinto beans are filled primarily with beans by employing false and deceptive advertisement, labels, and fillers. Complaint ¶ 16.

**CAUSES OF ACTION IN FIRST AMENDED COMPLAINT**
1. Violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200 et. seq
2. Violations of California's False Advertising Law ("FAL") Bus. & Prof. Code § 17500
3. Violations of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq.

**RELIEF REQUESTED:**
Defendant requests dismissal of Plaintiffs' First Amended Complaint on three grounds:
(1) Plaintiffs fail to plead fraud-based claims with sufficient particularity under Rule 9(b),
(2) Plaintiffs fail to plead sufficient factual allegations to state a claim for which relief may be granted under Rule 12(b)(6), and
3) Plaintiffs failed to comply with the compulsory pre-litigation notice provision prior to seeking CLRA damages pursuant to Cal. Civ. Code § 1782(a).

**DISCUSSION**

The hearing concerns the Defendant's motion to dismiss Plaintiffs' FAC.

**A.  Rule 9(b): Particularity**

Defendants argue Plaintiffs' claims must be dismissed on the basis that they are grounded in fraud yet fail to meet the heightened, particularized pleading requirement of Rule 9(b). Plaintiffs have amended the complaint identifying which variety of bean Plaintiffs purchased. They indicate that they considered the weight and feel of the can along with the contents of the product's label before purchasing the Sun Vista pinto beans. Defendants cite to *Haskins v. Symantec Corp.*, No. 14-16141, 2016 U.S. App. LEXIS 11105, *2

(9th Cir. June 20, 2016). There the court held that Plaintiff fell short of Rule 9(b) requirements when failing to allege reliance on a specific misrepresentation. Unlike the Plaintiff in *Haskins*, Plaintiffs here provide images and the information contained on the product's label upon which they relied to conduct comparisons and make purchasing decisions.

However, the Court tentatively finds that Plaintiffs pleadings do not meet the heightened particularity requirements of Rule 9(b). Plaintiffs do not plead with particularity why the picture of the ready-to serve bowl of beans mislead them to believe the unprepared product would appear the same for any of the various can sizes offered by Defendant. While Plaintiffs refer to the data on the 29 oz can's label (serving size, number of servings, and net weight) as misleading (Complaint ¶ 31) alleging the contents of each can consists primarily of water rather than beans, Plaintiffs do not provide explanations of its deceptiveness, explain why this is misleading in light of the product's compliance with the FDA standard of labeling the ingredients in order of predominance, or explain how it is uncommon based on industry standards. **The Court invites arguments as to the sufficiency of the pleadings with regards to "why" and/or "how" the alleged misconduct was misleading or deceptive.**

**B.      Rule 12(b)(6): Failure to State a Claim: UCL, FAL, and CLRA**

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. Defendants contend that Plaintiffs fail to allege sufficient factual allegations for relief under the UCL, FAL or CLRA.

Because the same standard for fraudulent activity governs the California Unfair Competition Law (UCL), California False Advertising Law (FAL), and the California Consumers Legal Remedies Act (CLRA), the three statutes are analyzed together. See *Hadley v. Kellogg Sales Company*, N.D.Cal.2017, 243 F.Supp.3d 1074. Claims under these California statutes are governed by the "reasonable consumer" test, *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir.2008) and require Plaintiffs to allege that "members of the public are likely to be deceived." *McMahon v. Take-Two Interactive Software, Inc.*, 640 F. App'x 669, 671 (9th Cir. 2016) (citing *In re Tobacco II Cases*, 46 Cal.4th 298, 93 Cal.Rptr.3d 559, 207 P.3d 20, 29 (2009)).

# LAW AND MOTION TENTATIVE RULING

1. **California's Unfair Competition law ("UCL")**

   *a. Unlawful Prong*

   The Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301–399f, prohibits the misbranding of food items and the sale of misbranded food items. See 21 U.S.C. §§ 331(a),(b). Under the FDCA a food item is "misbranded" if its label "is false or misleading in any particular,…[or] if its container is so made, formed, or filled as to be misleading." Id. §§ 343(a)(1), (d). Plaintiffs allege in the FAC that Sun Vista Beans: "(1) contain a label with false and misleading net weight and serving size information; (2) are filled with more water than beans; and (3) contain a label with misleading advertisements, which represent to consumers that the container is mostly filled with beans." Complaint ¶69a. Specifically, they allege that the label informing the consumer of the net weight and serving size is misleading and "unfairly deceptive because the label suggests that consumers are receiving more beans than they are actually receiving." Complaint ¶40.

   However, Plaintiffs do not allege the label falsely includes or omits an ingredient or misstates its contents. Instead they argue that it is unclear how much of an ingredient is contained within each can and that the image on the label leads them to believe the contents include more beans than water.

   Plaintiffs primarily rely on the FDCA to plead the unlawful prong of the UCL.[1] However, Plaintiffs do not allege non-compliance with FDA regulations. Under the FDCA, it is common for food or beverage products to indicate items on the principal display panel that are not the predominant ingredient. *See c.f. Pom Wonderful LLC v. Coca-Cola Co.,* 679 F.3d 1170, 1177 (9th Cir. 2012), rev'd on other grounds, 134 S. Ct. 2228, (2014); 21 C.F.R. § 102.28 (requires the common or usual name of each important ingredient or component in the package be listed in descending order of predominance by weight). **The Court invites argument as to how Defendant's pinto beans product label violates 21 U.S.C. §§ 331(a),(b).**

---

[1] Plaintiffs argument that the ACC violates the policy of 15 U.S.C. § 1451 is more appropriately discussed under the "unfair" prong. Also, Plaintiffs' FAC does not point to the specific provision under 15 U.S.C. § 1452 with which Defendant does not conform.

### b. *Fraudulent Prong*

As discussed above, claims based in fraud must comply with Rule 9(b). The FAC does not sufficiently provide the "why" or the "how" of the alleged misrepresentation for any of the various can sizes offered by Defendant, nor does it "state with particularity the circumstances constituting fraud or mistake."

### c. *Unfair Prong*

Plaintiffs' plead Defendants unfairly deceive consumers by depicting a false expectation of what the consumer is purchasing and violate the policy of 15 U.S.C. § 1451, which encourages companies to package and label products in such a way that enables consumers to obtain accurate information as to the quantity of the contents and facilitate value comparisons. In pleading a violation of § 1451, Plaintiffs have alleged a practice that "offends an established public policy or is … unethical to consumers." **The Court invites discussion on whether Plaintiffs have plead with sufficient particularity a claim under the "unfair" prong**.

## 2. Deceptive and Misleading Advertising ("FAL")

The FAL prohibits the dissemination of any advertising "which is untrue or misleading," id. § 17500. Defendants argue that Plaintiffs' allegations they were deceived by the picture of ready-to-serve beans on the can label is comparable to consumers believing that milk and fruit are included in a box of cereal based on the imagery on the box. In sum, they argue that the Plaintiffs' cannot meet the reasonable consumer standard. The Court does not find it appropriate to make a determination on whether the reasonable consumer standard has been met at this stage in the pleadings. See *Kanfer v. Pharmacare US, Inc*., 142 F. Supp. 3d 1091, 1103 (S.D. Cal. 2015). Before the Court reaches the reasonable consumer test, the Plaintiff must plead with particularity pursuant to Rule 9(b). **The Court invites argument as to whether Plaintiffs have plead fraud-based claims with sufficient particularity.**

## 3. Consumer Legal Remedies Act ("CLRA")

The CLRA prohibits "[r]epresenting that goods . . . have . . . characteristics . . . which they do not have" Cal. Civ. Code § 1770(a)(5); "[r]epresenting that goods . . . are of a particular standard, quality, or grade . . . if they are of another." Civ. Code § 1770 (a)(7);

or "[a]dvertising goods or services with intent not to sell them as advertised." Id. § 1770(a)(9).

### a. Compulsory Pre-Litigation Notice

To assert a claim for damages under the CLRA, plaintiff must provide defendant with notice of the alleged violation at least 30 days before filing a complaint. See Cal. Civ. Code 1782(a). However, notice is not required in an action seeking only injunctive relief or restitution. *Estakhrian v. Obenstine*, 233 F. Supp. 3d 824, 846 (C.D. Cal. 2017) (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 845 F.3d 916, 918 (9th Cir. 2017)); see Cal. Civ. Code § 1782(d) (action for injunctive relief does not require pre-lawsuit notice). ACC contends that the CLRA claim for damages should be dismissed because plaintiffs never gave the pre-filing notice required by § 1782(a). (See Doc. No. 23 at 5-6). The Court agrees. Plaintiffs have not plead facts indicating sufficient notice was provided to Defendants, and therefore under the law, Plaintiffs are not entitled to damages resulting from a violation of this statute. The Court tentatively GRANTS Defendant's motion to dismiss the CLRA claim for damages.

### b. Failure to State a Claim

Defendants again assert Plaintiffs fail to state a claim because they do not meet the "reasonable consumer" standard. For the same reasons articulated above, the Court declines to make a determination on whether the reasonable consumer standard has been met at this stage in the pleading.